# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2013

No. 12-30453

Lyle W. Cayce
Clerk

JAMIE RAYNES, Individually and on Behalf of His Two Minor Children, Shannon Taylor Raynes and Kenneth Christopher Raynes,

Plaintiff-Appellee,

v.

MCMORAN EXPLORATION COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CV-5018

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jamie Raynes sued McMoRan Exploration Company ("McMoRan") for serious injuries suffered on the job. McMoRan unsuccessfully moved, *inter alia*, for summary judgment based on prescription and for continuance right before trial. A jury found McMoRan liable for negligence and awarded general and special damages. McMoRan appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30453

We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the extensive oral arguments of counsel. There is no reversible error in the interim rulings or the final judgment. This case was fully developed in the district court and tried to a jury, which rendered a defensible verdict. We pause only to address briefly McMoRan's claim that Raynes's suit is prescribed under Louisiana law, a claim predicated on McMoRan's late-arriving assertion that the record contains "no evidence" that Raynes actually received Longshore and Harbor Workers' Compensation Act ("LHWCA") benefits so as to toll Louisiana's one-year prescriptive period.

The district court clearly operated under the belief that Raynes's receipt of LHWCA benefits since the date of his injury was undisputed—a belief McMoRan fostered at every stage of the proceedings in the district court. McMoRan's motion for summary judgment on prescription did not deny that Raynes was receiving the benefits, arguing only that Raynes's employer's voluntary and erroneous tender of those benefits failed to interrupt prescription as a matter of Louisiana law. In his response, Raynes asserted that "the only relevant [issue] in this case is that . . . Raynes[] has been receiving [LHWCA] benefits" and that "it is undisputed that Raynes has been receiving LHWCA benefits since the accident." Though McMoRan sought and received leave to file a reply memorandum, it did not challenge Raynes's "undisputed" receipt of LHWCA benefits, instead reasserting its objection to Raynes's "position that [his] employer's voluntary (and incorrect) payment of [LHWCA] benefits . . . interrupt[ed] prescription" as against McMoRan. The district court rejected McMoRan's legal argument and denied summary judgment, accepting Raynes's receipt of LHWCA benefits as undisputed and concluding that prescription was therefore interrupted. At trial, McMoRan did not seek a jury interrogatory on prescription or any related fact issue. Moreover, while McMoRan reserved the right to reassert its prescription defense at the close of Raynes's case "should the

2

No. 12-30453

evidence so justify," McMoRan failed to do so.  Raynes remained unaware that McMoRan intended to challenge his receipt of LHWCA benefits until McMoRan served its opening brief in the instant appeal.

We decline to review an argument raised for the first time on appeal, particularly where, as here, the assertion first raised is purely factual.[1]  As the Eighth Circuit noted in refusing review of facts undisputed at trial, "district courts cannot be expected to consider matters that the parties have not expressly called to their attention, even when such matters arguably are within the scope of the issues that the parties have raised."[2]  "A contrary result," the Eighth Circuit reasoned, "could encourage a party to 'sandbag' at the district court level, only then to play his 'ace in the hole' before the appellate court."[3]  Here, the record reflects that Raynes's receipt of LHWCA benefits was never in dispute in the district court.  Nor need we rely on inference to conclude that McMoRan is sandbagging; at oral argument, counsel for McMoRan conceded that he did not challenge Raynes's receipt of benefits after trial because doing so "ran the risk that [the district court] would reopen evidence—that [it] would allow some evidence to come in."

McMoRan insists that it denied Raynes's receipt of LHWCA benefits in its answer to the complaint of intervention filed by Raynes's employer in the litigation in the district court.  McMoRan's assertion is only partially correct, and wholly misleading.  The complaint of intervention, filed less than six months

---

[1] *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004) ("Arguments not raised in the district court cannot be asserted for the first time on appeal . . . especially . . . where the assertion first raised on appeal is factual." (citations omitted)); *see also Dennis v. Comm'r*, 473 F.2d 274, 282 (5th Cir. 1973) ("[A]ppellate courts do not have the original jurisdiction necessary to review factual arguments that were not raised in the [district court].").

[2] *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1307 (8th Cir. 1994) (quoting *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986)).

[3] *Id.* (quoting *Stafford*, 790 F.2d at 706).

3

after Raynes's September 2008 injury, sought subrogation from Raynes, representing that Raynes had received $35,234.18 in LHWCA benefits since the date of his injury and that "[t]he payment of benefits is continuing." McMoRan's answer, filed in June 2011, averred that the employer-intervenor "fail[ed] to state a claim," contending in Paragraph 4 that "the payment . . . of the [LHWCA] benefits . . . is in error and was done by mistake." It is true that in Paragraph 5, McMoRan generally denied, for "lack of sufficient information to justify a belief therein," the portions of the employer-intervenor's complaint representing both the existence and amount of the LHWCA payments—a denial seemingly inconsistent with McMoRan's acknowledgement of the payments in Paragraph 4. However, McMoRan's general denial did not specify the point on which McMoRan lacked sufficient information to respond. Reading Paragraphs 4 and 5 together, then, it is plain that though McMoRan may have lacked the information necessary to verify the *amount* of the LHWCA payments, the existence of *some* payments was never in dispute.

Even assuming that McMoRan's factual challenge is not categorically barred from appellate review, McMoRan has not shown that the district court committed reversible error. As neither party submitted the prescription issue or any related fact question to the jury, Rule 49(a) instructs us to assume that the district court made an implicit finding consistent with the jury's verdict—in this case, a finding that Raynes's receipt of LHWCA benefits tolled prescription for a period sufficient to render his suit timely under Louisiana law.[4]

Viewing the record as a whole, we cannot conclude that the district court's implicit finding is clearly erroneous.[5] Raynes filed the instant action against

---

[4] *See* Fed. R. Civ. P. 49(a).

[5] *See McConney v. City of Hous.*, 863 F.2d 1180, 1186 (5th Cir. 1989) ("[T]rial court findings [under Rule 49] (deemed or express) may be set aside on appeal if they are clearly (continued...)

McMoRan on May 4, 2010, slightly less than twenty months after his September 24, 2008, injury. Hence, for Raynes's suit to be timely notwithstanding Louisiana's one-year prescriptive period, Raynes needed to receive LHWCA benefits for slightly less than eight months at any point between September 24, 2008, and May 4, 2010. Raynes's employer's complaint of intervention represents that Raynes had already received $35,234.18 in LHWCA benefits at a point less than six months after his September 2008 injury, and that "[t]he payment of benefits [was] continuing" at that time. The complaint is corroborated by Raynes's medical records, which reflect that Raynes has received compensation for his medical expenses continuously since the date of his injury.[6] Thus, the record contains sufficient evidence to plausibly conclude that Raynes received LHWCA benefits during the relevant period of time.[7]

We are constrained to add to our rejection of McMoRan's factual argument the court's disappointment in counsel's want of candor in its development and presentation. During oral argument, counsel rejected a distinction that he had carefully maintained in his briefs, representing not only that the record evidence was insufficient to sustain a finding that Raynes had received LHWCA benefits, but that Raynes had, in fact, never received LHWCA benefits. Strong and vigorous advocacy is essential to the work of the court. But it must be expressed with faithful attention to the record, attentive to the candor owed as an officer

---

[5] (...continued)
erroneous." (citing *Murtagh v. Univ. Computing Co.*, 490 F.2d 810, 816 (5th Cir. 1974), *cert. denied*, 419 U.S. 835 (1974))).

[6] Though the medical records indicate that Raynes's expenses were paid by Lamorte Burns, Inc.—a party not otherwise identified in the record—it is a matter of judicial knowledge that LHWCA benefits are often administered by third-party claims agents. *See, e.g.*, *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 811 (5th Cir. 1988).

[7] *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (holding that a district court's finding is not clearly erroneous where it "is plausible in light of the record viewed in its entirety").

No. 12-30453

of the court.  With nothing to suggest that this performance was other than an aberrational failing, we say no more and stay our hand persuaded that no injustice has been worked and that able counsel here gave way to his zeal, at the price of fully performing his duty.

AFFIRMED.